## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA SCHONS, | Civil Action No.  2:21-cv-1623 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| ARMSTRONG COUNTY COMMUNITY ACTION AGENCY | |
| Defendant. | |

## COMPLAINT

AND NOW come the Plaintiff, Linda Schons, by and through her attorneys, THE LINDSAY LAW FIRM, P.C., Alexander H. Lindsay, Jr., Esquire and Max Roesch, Esquire, and file the following complaint in civil action.

### I.   INTRODUCTION

1. Plaintiff Linda Schons ("Schons" or "Plaintiff") was employed by Armstrong Community Action Agency from her hire in October 2008 until she was demoted an forced to resign on May 14, 2021. Schons' supervisors subjected her to disparate treatment based on her age, a hostile work environment, and retaliatory termination.

2. By subjecting Schons to discrimination and hostile work environment based on her age, and retaliation Defendant Armstrong County Community Action Agency violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et. seq.* ("ADEA") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et. seq.* ("PHRA").

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's ADEA claim under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1392, as the acts that give rise to these claims occurred in this District. Additionally, Defendant employed Plaintiff in and regularly transacts business in this District.

## III.    PARTIES

5. Plaintiff Linda Schons is an 58 year old woman who resides in Armstrong County, Pennsylvannia.

6. Defendant Armstrong County Community Action Agency ("ACCAA") is a non-profit organization that provides social services to Armstrong County residents.

7. ACCAA is headquartered at 705 Butler Road, Kittanning PA, and conducts business within the Commonwealth of Pennsylvania.

8. At all relevant times, ACCAA was an "employer" within the meaning of the ADEA and the PHRA.

## IV. FACTS

9. Plaintiff earned a Bachelor of Science Degree in Accounting from the Indiana University of Pennsylvania in August 1985.

10. Plaintiff was hired by ACCAA on October 16, 2008, working in the housing department.

11. In October of 2015 Plaintiff was promoted to the Accountant position.

12. In October of 2020 Plaintiff was approached by the Human Resources Director, Tirza Bargerstock, and the Executive Director, Crystal Jack.

13. Jack had recently been elevated to Executive Director from her former position as Fiscal Director.

14. Bargerstock and Jack offered Plaintiff the Fiscal Director position to begin November 1, 2020 with a six-month probation period.

15. Plaintiff accepted the position, and began working as Interim Fiscal Director in November, 2020.

16. On December 9, 2020, Defendant notified Plaintiff that no training would be offered to Plaintiff with respect to her new position.

17. Although Plaintiff had been promoted to Fiscal Director, Defendant required her to continue to perform all of her former duties in addition to the Fiscal Director duties.

18. Plaintiff was also expected to fulfill many of the duties of the Fiscal department administrative secretary position.

19. Executive Director Jack kept the materials that Plaintiff needed to train herself and perform her job in the Executive Director's office.

20. Director Jack told Plaintiff that the materials needed to stay in the Executive Director's office, and that Plaintiff could access the materials but could not remove them from the Director's office.

21. As a result, Plaintiff was required to ask permission from Director Jack every time she needed any of the materials.

22. If Director Jack was in the office meeting with staff, Plaintiff was not able to access the materials.

23. Despite performing the three separate jobs while training herself, Plaintiff performed the Fiscal Director position with minimal errors.

24. In January 2021, Director Jack demoted Plaintiff from the Fiscal Director position.

25. Neither Jack nor Bargerstock offered any explanation for Plaintiff's demotion.

26. Plaintiff never received a performance evaluation or any feedback regarding her performance as Fiscal Director.

27. Shortly thereafter, Defendant hired Cheyanne McIntyre as Fiscal Director.

28. McIntyre, a 36-year-old woman, holds an associate's degree in accounting, whereas Plaintiff has a Bachelor's Degree in Accounting.

29. McIntyre was provided with extensive training and the materials necessary to perform the Fiscal Director Position were moved to her office from the Executive Director's office.

30. Plaintiff continued to perform the responsibilities of the Accountant position in addition to many of the responsibilities of the Administrative Secretary position.

31. On March 17, 2021 Plaintiff notified Defendant that she was scheduled for a surgical procedure on May 24, 2021, and would need approximately 4 weeks off to undergo the surgery and recover.

32. Plaintiff had accrued 37 sick days in anticipation of the time off she would need for surgery.

33. On March 31, 2021, Plaintiff discovered that Bargerstock had sent out incomplete 1095 forms, and that Bargerstock's mistake needed to be immediately corrected.

34. Jack responded by disciplining Plaintiff for a mistake that she had made in January 2021 and corrected in early February 2021.

35. On May 4, 2021 Jack informed Plaintiff that she was being demoted to part time accountant because of "lack of job duties."

36. As a part time employee, Plaintiff would no longer have access to health insurance.

37. Plaintiff had no choice but to resign due to the demotion.

38. As a result, Plaintiff lost 37 unused sick days that she had accrued.

39. On August 15, 2021, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and cross filed with the Pennsylvania Human Relations Commission.

40. On August 17, 2021, the EEOC issues a notice of right to sue letter to Plaintiff.

41. Plaintiff has exhausted her administrative remedies.

### V.    CAUSES OF ACTION

#### Count I – Violations of the ADEA

42. The prior paragraphs are hereby incorporated by reference as though set forth in their entirety.

43. The conduct of ACCAA as described above subjected Plaintiff to disparate treatment in the terms and conditions of her employment on the basis of her age, unreasonably interfering with her ability to perform her job, and created an intimidating, humiliating, and hostile work environment in violation of the ADEA.

44. The conduct of ACCAA and it's supervisors in treating Plaintiff less favorably than similarly situated younger co-workers violated the ADEA.

45. As a result of ACCAA's conduct, Plaintiff lost wages and other emoluments of employment, and suffered from severe emotional distress, anxiety, mental anguish, and humiliation.

46. As a nonprofit organization, ACCAA understood or should have understood its legal obligations. ACCAA's conduct was willful in that it either knew or showed reckless disregard for whether its conduct was prohibited by ACCAA by proffering false and pretextual reasons for constructively terminating Plaintiff such that the imposition of punitive damages is appropriate.

#### Count II – Violations of the Pennsylvania Human Relations Act

47. The prior paragraphs are hereby incorporated by reference as though set forth in their entirety.

48. Based on the foregoing, in subjecting Plaintiff to disparate treatment and a hostile environment based on her age, and retaliating against her for opposing conduct made unlawful under the PHRA, ACCAA violated the PHRA.

49. As a result of ACCAA's violations of the PHRA, Plaintiff lost wages and other emoluments of employment, and suffered from severe emotional distress, anxiety, mental anguish, and humiliation.

WHEREFORE Plaintiff requests that the Court:

a) Assume jurisdiction of her case;

b) Find and declare that the Defendant discriminated against Plaintiff in the terms, conditions, rights and privileges of her employment in violation of the ADEAt, and enjoin such further conduct by the employer;

c) Find and declare that the Defendant discriminated against Plaintiff in the terms, conditions, rights and privileges of her employment in violation of the Pennsylvania Human Relations Act, and enjoin such further conduct by the employer;

d) Award Plaintiff such back pay, front pay, employment benefits and all other emoluments of employment as is the discharge had not occurred;

e) Award Plaintiff compensatory and consequential damages and punitive damages;

f) Award Plaintiff such costs and expenses of suit, and reasonable attorney's fees, expert witness costs, and such other relief as the Court deems necessary and proper after trial in this matter;

g) Find for the Plaintiff and against Defendant on all counts of this Complaint; and,

h) Order such other and further relief as may be deemed just and proper.

Respectfully submitted:

THE LINDSAY LAW FIRM, P.C.,

*s/Max B. Roesch*
Max Roesch, Esq.
Attorney for Plaintiff
Id. No. 326577

THE LINDSAY LAW FIRM, P.C.
110 East Diamond St., Suite 301

Butler, Pennsylvania 16001
Phone: (724) 282-6600
Fax: (724) 282-2672